**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Lourdes HERNANDEZ–HERNANDEZ,**
**Defendant—Appellant.**

No. 02–10351.

D.C. No. CR–00–05409–AWI.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 27, 2002.*

Decided Feb. 24, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

## MEMORANDUM**

 Lourdes Hernandez–Hernandez pled guilty to one count of being a deported alien found in the United States without permission to reenter in violation of 8 U.S.C. § 1326. She filed a motion to dismiss the indictment based on a violation of due process at her deportation hearing, when the immigration judge failed to advise her of her eligibility for a waiver of deportation under 8 U.S.C. § 1182(h). The district court denied the motion, and Hernandez–Hernandez appealed. We have jurisdiction under 28 U.S.C. § 1291. We review the denial of the motion to dismiss the indictment de novo, *United States v. Muro–Inclan*, 249 F.3d 1180, 1182 (9th Cir.2001), and we affirm.

■ The government conceded that Hernandez–Hernandez's due process right was violated. To prevail on her motion to dismiss the indictment, however, Hernandez–Hernandez had to show prejudice, by demonstrating that she had a "plausible" ground for relief from deportation. *Id.* at 1184. Such a showing requires "extreme hardship," or "great actual or prospective injury or extreme impact on the citizen family member, beyond the common results of deportation." *Id.* (quotations omitted); *see United States v. Arrieta*, 224 F.3d 1076, 1080 (9th Cir.2000).

■ Hernandez–Hernandez showed only that of her four United States citizen children, three adults lived in the United States, and the one minor child had relocated to Mexico to live with Hernandez–Hernandez's relatives. Her sole argument was that separation from the children caused extreme hardship because they were used to her being close and she had a strong and loving relationship with her family. She submitted greeting cards and brief letters from the adult children written during her incarceration for illegal reentry, relating everyday news and expressing that they loved and missed her.

This does not constitute extreme hardship. There is no evidence regarding extreme hardship at the time of deportation

---

in 1997. Further, there is no evidence that beyond the usual difficulties of separation, her children are dependent on her support and presence in the United States. *Compare Arrieta,* 224 F.3d at 1082 (extreme hardship where defendant had "critical role" in raising his siblings, mother's sense of loss was severe, and family unity would be disrupted).

We AFFIRM.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.